Filed 8/15/22  LaFace v. Ralphs Grocery CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JILL LAFACE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>RALPHS GROCERY COMPANY,<br><br>    Defendant and Respondent. | B309721<br><br>(Los Angeles County<br>Super. Ct. No. BC632679) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Patricia Nieto, Judge.  Dismissed.

Knapp, Petersen & Clarke, André E. Jardini, K.L. Myles, Greta T. Hutton; Capstone Law, Ryan Y. Wu, Melissa Grant and John Stobart; Law Offices of Michael V. Jehdian and Michael V. Jehdian for Plaintiff and Appellant.

Morrison & Foerster, Tritia M. Murata, Wendy J. Ray, Karen J. Kubin, James R. Sigel for Defendant and Respondent.

# INTRODUCTION

Decedent Jill LaFace filed a representative action against Ralphs Grocery Company under the Private Attorneys General Act (Lab. Code, § 2698, et seq. (PAGA)) seeking civil penalties for alleged violations of workplace seating requirements. Following a bench trial, the superior court entered judgment in favor of Ralphs. We affirmed the judgment. (See *LaFace v. Ralphs Grocery Co.* (2022) 75 Cal.App.5th 388 (*LaFace*).) Following the trial, the court awarded costs to Ralphs in the amount of $193,857.98. LaFace appealed.

LaFace died while this appeal was pending, before the opening brief was filed. LaFace's counsel has not attempted to substitute LaFace's personal representative or successor in interest into the case. Ralphs moved to strike the opening brief and requested that we dismiss the appeal because there is no appellant.

We agree, and therefore grant Ralphs's motion to strike the opening brief and dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

LaFace worked as a cashier at a store owned by respondent Ralphs Grocery Company. She brought a PAGA action against Ralphs on behalf of herself and other current and former Ralphs cashiers, alleging that Ralphs violated an Industrial Welfare Commission wage order that required employers to provide suitable seating for cashiers. (*LaFace, supra,* 75 Cal.App.5th at p. 392.) A bench trial was held between November and December 2019, and the trial court found that Ralphs had not violated the wage order. (*Ibid.*) We affirmed the judgment. Although LaFace died before the reply brief was filed, we exercised our discretion

2

to decide the appeal on its merits because it presented a continuing issue of public interest. (*Id*. at p. 392, fn. 1.)

Meanwhile, in the superior court Ralphs filed a memorandum of costs seeking $746,788.80 in costs, not including attorney fees. LaFace filed a motion to strike or tax costs. The superior court granted LaFace's motion in part, taxed costs of $552,930.82, and awarded costs to Ralphs in the amount of $193,857.98.

LaFace timely appealed in December 2020. LaFace died in September 2021. LaFace's counsel filed an opening brief on December 10, 2021. LaFace's counsel has not sought to substitute a personal representative, successor in interest, or any other party as the appellant. Ralphs filed a motion to strike the opening brief, and in its respondent's brief asks us to dismiss the appeal. LaFace's counsel opposed the motion to strike, and did not file a reply brief.

## DISCUSSION

"A pending action or proceeding does not abate by the death of a party if the cause of action survives." (Code Civ. Proc., § 377.21.) "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest . . ., and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest" (Code Civ. Proc., § 377.30.) Ralphs argues that the opening brief must be stricken and the appeal must be dismissed because "no party is pursuing it."

The attorney-client relationship is "one in which the attorney acts as agent for the client, who is the principal." (*Contreras v. Dowling* (2016) 5 Cal.App.5th 394, 418.) An

3

attorney may not represent a client without the client's consent. (See, e.g., *In the Matter of Shinn* (Review Dept. 1992) 2 Cal. State Bar Ct. Rptr. 96, 104-105.) "As a general rule the authority of an attorney to act for his client normally ends with the client's death." (*In re Lanza's Estate* (1964) 229 Cal.App.2d 720, 724.) Following LaFace's death, and with no substituted party in her place, LaFace's counsel is acting without LaFace's consent and without a client.

Moreover, an attorney without a client generally does not have standing to appeal a fee award. (See *In re Marriage of Tushinsky* (1988) 203 Cal.App.3d 136, 141.) LaFace's counsel has not sought to intervene in the case to assert any interest they may have in the cost award. (*Lindelli v. Town of San Anselmo* (2006) 139 Cal.App.4th 1499, 1512.)

LaFace's counsel argues that the appeal should not abate upon LaFace's death because in a PAGA action, the state is the real party in interest. (See, e.g., *Arias v. Superior Court* (2009) 46 Cal.4th 969, 986 ["An employee plaintiff suing [under PAGA] does so as the proxy or agent of the state's labor law enforcement agencies"].) Ralphs counters that the cost award was imposed against LaFace rather than the state, and therefore the state is not an aggrieved party and has no standing to appeal. (Code Civ. Proc, § 902; *In re Marriage of Burwell* (2013) 221 Cal.App.4th 1, 13 ["To have appellate standing, one must (1) be a party and (2) be aggrieved."].) We agree that the state does not have standing because it is not an aggrieved party, and LaFace's counsel is not directly representing the state in this appeal.

LaFace's counsel compares this case to *Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, which considered whether the recovery of damages for pain and suffering was barred when

4

the plaintiff died after judgment while an appeal was pending. (See Code Civ. Proc. § 377.34, subd. (a) ["In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable . . . do not include damages for pain, suffering, or disfigurement."].) The Supreme Court held that "death after judgment does not abate any aspect of personal tort actions, including the right to recover damages for pain and suffering." (*Id.* at p. 305.) However, appellate standing was not at issue in that case; the decedent's successor in interest had been substituted as the plaintiff. (*Sullivan, supra*, 15 Cal.4th at p. 292.) *Sullivan* therefore does not control here.

Because LaFace's counsel filed the opening brief without client consent and is pursuing the appeal without a client, we agree the opening brief should be stricken and the appeal should be dismissed.[1] (Cal. Rules of Court, rule 8.220(a)(1).)

---

[1] The parties agree that the cost award erroneously includes $16,502.72 in paralegal travel costs, which the superior court intended to strike as unnecessary to the litigation. Ralphs represents in its respondent's brief that it will not oppose a motion brought before the superior court to correct the cost award to eliminate this error. (See Code Civ. Proc., § 473, subd. (d) ["The court may . . . correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed"].)

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


MANELLA, P. J.


WILLHITE, J.


6